UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

KIM VASQUEZ,

Plaintiff,

-against-

THE COUNTY OF ROCKLAND, et al.,

Defendants.

-----------------------------------X

13 Civ. 5632 (HBP)

ORDER

PITMAN, United States Magistrate Judge:

I write to resolve several outstanding issues in this matter.

This is a Section 1983 action brought by a former inmate of the Rockland County Jail. Plaintiff alleges that in 2012 he was a detainee in the jail and that during a prior incarceration at the jail, he had commenced a federal civil rights action alleging that his religious rights had been violated. Plaintiff alleges that during his 2012 incarceration, in retaliation for his prior civil rights action, corrections officers subjected plaintiff to a form of religious persecution[1]

[1]Plaintiff alleges that he is a Muslim and that his faith requires special cleansing procedures if a dog comes in contact with either his person or his belongings. Plaintiff claims that corrections officers, with knowledge of plaintiff's religious beliefs and practices, caused a dog to search his cell in (continued...)

and assaulted plaintiff. The beating allegedly caused numerous physical injuries. Defendants deny all the material allegations in the amended complaint.

Plaintiff was initially represented by counsel. However, on July 30, 2014, I granted the application of plaintiff's former counsel, Andrew F. Plasse, Esq., to withdraw on the ground that plaintiff was refusing to cooperate in discovery.

## I. Defendants' Renewed Motion for Sanctions

In October 2014, defendants moved for sanctions pursuant to Fed.R.Civ.P. 37 based on plaintiff's failure to appear for his deposition and to provide releases for his medical records. On July 20, 2015, I denied defendants' motion for sanctions without prejudice to renewal, primarily because it was unclear at the time whether plaintiff had actually received notice of defendants' motion.

By a letter dated July 21, 2015 (Docket Item 49), defendants' moved for reconsideration of the denial of their motion, noting that plaintiff had actually served papers in opposition to their motion for sanctions and that it was clear,

---

[1](...continued) retaliation for plaintiff's prior civil rights action.

therefore, that plaintiff did receive actual notice of the motion.[2]

Defendants' motion for reconsideration is denied. Although it is clear from Mr. Plasse's letter seeking to withdraw from the action that plaintiff had actual notice of both the deposition and his need to appear, plaintiff was pro se at the time and his subsequent correspondence indicates that he has been treated for psychiatric issues. Although these factors do not excuse plaintiff's non-appearance, they do suggest that the sanction sought by defendants -- dismissal of the action -- is too severe. To the extent defendants' motion is based on plaintiff's failure to submit releases for medical information, plaintiff claims, and defendants admit, that plaintiff did provide the releases, but that he failed to provide amended releases after the releases plaintiff initially provided were rejected by third parties.

Plaintiff was somewhat uncooperative in discovery, but his lack of cooperation was not so complete as to warrant the

[2]Although defendants are correct that plaintiff timely served an opposition to their Rule 37 motion in October 2014, that opposition was never filed with the Court until it was filed as an attachment to defendants' July 21, 2015 letter. Prior to defendants' July 21, 2015 letter, there was nothing on file with the Court to indicate that plaintiff had, in fact, responded to the motion.

harshest sanction of dismissal. West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) ("[B]ecause dismissal is a drastic remedy, it should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." (inner quotation marks and citations omitted)); accord Metro Foundation Contractors v. Arch Ins. Co., 551 F. App'x 607, 609-10 (2d Cir. 2014 (summary order); Reed v. Friedman Mgmt. Corp., 11 Civ. 7547 (JPO)(GWG), 2015 WL 5008629 at *5 (S.D.N.Y. Aug. 24, 2015) (Gorenstein, M.J.). No evidence has been irretrievably lost as a result of plaintiff's conduct, and plaintiff now appears eager to litigate the case on the merits. In light of the strong policy in this Circuit in favor of resolving disputes on the merits, Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001), and, as an act of discretion, defendants' motion for dismissal is denied.[3] However, plaintiff is warned that any future failures to comply with his discovery obligations will not be met with same benevolence. One of the factors relevant to the resolution of a motion for sanctions is whether the default in issue is an isolated act or is part of a pattern. If plaintiff's deposition is rescheduled, plaintiff+

---

[3]As set forth in plaintiff's application for pro bono counsel, plaintiff has no assets. Thus, imposition of a monetary sanction would be meaningless.

must appear and must fully answer the questions put to him; an unjustified failure to do so will result in the imposition of sanctions which may include the dismissal of plaintiff's complaint.

## II. Plaintiff's Motion for Pro Bono Counsel

In Docket Item 60, plaintiff applies for pro bono counsel. For the reasons set forth below, this application is denied without prejudice to renewal.

Unlike a criminal case, there is no right to the appointment of counsel in a civil case such as this. There is no provision of the Constitution and no statutory provision that requires or permits the Court to appoint, at public expense, an attorney to represent a litigant in a civil case.

Nevertheless, the Court can and does request volunteer attorneys ("pro bono counsel") to represent indigent civil litigants if certain conditions are met.

The factors to be considered in determining whether to request pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts

and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Cooper v. A. Sargenti Co., supra, 877 F.2d at 172; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 at *1 (S.D.N.Y. Apr. 26, 1996) (Batts, D.J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2004). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the

> court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit." 877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

Plaintiff's application is deficient in several respects. First, although plaintiff makes a conclusory statement that he has contacted "numerous lawyers" in an effort to obtain representation, he provides no details. He does not state how many lawyers he contacted, nor does he identify a single one. Any renewed application for pro bono counsel should provide details concerning plaintiff's efforts to find counsel on his own.

Second, and more important, plaintiff does not explain why his case has sufficient merit to warrant pro bono counsel. Based on the current record, plaintiff's case turns entirely on plaintiff's own, uncorroborated testimony; plaintiff has not identified any witnesses who will confirm his version of the events nor has he identified any documents that support his version of the events. Plaintiff has not even submitted medical records confirming that he suffered injuries as a result of the alleged attack by corrections officers. In addition, plaintiff has at least one felony conviction which, in all likelihood, will

be admitted to impeach him. Although plaintiff's uncorroborated testimony, if credited by the fact finder, would be sufficient to sustain a verdict in his favor, the case is far from overwhelming. If plaintiff renews his application for pro bono counsel, any renewed application should explain why the case is sufficiently meritorious to warrant the appointment of counsel and should identify what evidence, if any, supports plaintiff's version of events.

Accordingly, plaintiff's motion for pro bono counsel (Docket Item 60) is denied without prejudice to renewal.

## III. Plaintiff's Application for Leave to Serve an Amended Complaint

In a letter dated August 24, 2015 (Docket Item 56), plaintiff seeks to amend his complaint to add claims alleging various violations of his rights in connection with his incarceration in the Rockland County Jail in 2015. Plaintiff's 2015 incarceration appears to be unrelated to his 2012 incarceration.

Deeming this letter to be a motion to amend, it is denied without prejudice. The motion is procedurally defective because it does not include a proposed amended complaint. See, e.g., Abercrombie v. Andrew College, 438 F. Supp. 2d 243, 275 (S.D.N.Y. 2006) (Karas, D.J.) ("[I]n making a motion for leave to

amend, plaintiffs must attach a proposed amended complaint so that the Court and the opposing party has an opportunity to understand the exact changes proposed."); accord Garnett-Bishop v. New York Community Bancorp, Inc., 12-CV-2285 (ADS)(ARL), 2014 WL 5822628 at *5 (E.D.N.Y. Nov. 6, 2014); Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp., 233 F.R.D. 327, 329 (S.D.N.Y. 2005) (Lynch, then D.J., now Cir. J.); Jonas v. Rich, 02 Civ. 498 (BSJ), 2004 WL 1542231 at *2 (S.D.N.Y. July 8, 2004) (Jones, D.J.); 6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 1485 at 688-89 n.3 (3rd ed. 2010). The proposed new claims are so vaguely described, it is impossible to assess intelligently whether the proposed amendments are appropriate. See generally Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (A "district court has discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."); accord Sissel v. Rehwaldt, 519 F. App'x 13, 17 (2d Cir. 2013) (summary order).

Accordingly, to the extent Docket Item 56 can be construed as a motion to amend, the application is denied without prejudice to renewal.

IV. Discovery

Plaintiff's correspondence also seeks discovery from defendants. Plaintiff does not cite, describe or attach any discovery requests that he has served on defendants.[4] Thus, the only discovery obligation on behalf of defendants that appears to be cognizable at this stage is defendants' obligation to make the mandatory disclosures required by Fed.R.Civ.P. 26(a)(1). Although the parties' correspondence is not entirely clear, it appears that defendants made Rule 26(a)(1) disclosures to plaintiff's former counsel, but that counsel did not forward that discovery to plaintiff when counsel withdrew from the case. Defendants' counsel has refused to produce duplicates of defendants' Rule 26(a)(1) disclosures to plaintiff based on their belief that doing so would interfere with counsel's retaining lien.

It is unclear whether plaintiff's former counsel is asserting a retaining lien. His application to withdraw from the case did not mention a lien nor has he ever sought to fix the amount of any lien he may have. In addition, given the poverty

[4]Plaintiff should be aware that before a party can ask the court to compel discovery, that party must first serve a discovery request on the adverse party. The adverse party ordinarily has 30 days in which to respond.

plaintiff claims in his application for pro bono counsel, it is unlikely that there would ever be any funds to satisfy a lien in the absence of a recovery in this action. Thus, denying plaintiff discovery actually frustrates any lien counsel may have because without discovery, plaintiff cannot litigate this case and unless plaintiff can litigate the case, there is no possibility of recovery.[5]

I believe the most just resolution of the matter is for defense counsel to reproduce to plaintiff directly the Rule 26(a)(1) disclosures they previously made to plaintiff's counsel. Given the nature of the claims, I suspect the volume of this material is modest and that the actual copying costs are less than $100.

V. Scheduling

The following schedule will apply to future proceedings in this matter.

1. The parties shall respond to any discovery requests that are currently outstanding within 30 days of this Order.

---

[5]I am not suggesting that plaintiff will or will not prevail with respect to any of his claims. If the case does not progress, however, there is no possibility of recovery.

2. All fact discovery shall be completed no later than Monday, August 1, 2016.

3. If plaintiff wishes to forego his right to conduct discovery by way of depositions, he may serve up to 100 interrogatories without regard to the limitations set forth in Local Civil Rule 33.3.[6] Plaintiff's service of more than 25 interrogatories will be deemed a waiver of his right to conduct depositions.

4. Dispositive motions, if any shall be served and filed no later than September 15, 2016.

---

[6]The Federal Rules of Civil Procedure ordinarily limit a party to 25 Interrogatories. In addition, Local Civil Rule 33.3 limits the scope of interrogatories and provides, in pertinent part:

> (a) Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.
>
> (b) During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

5. The pretrial order, in the form required by my rules, along with all other pretrial material required by my rules shall be filed on October 15, 2016, or thirty days after the final decision on any dispositive motion (if the pretrial order is still necessary after such decision), whichever date is later. Plaintiff shall serve a draft of his portion of the Pretrial Order on counsel for defendants no later than fifteen days prior to the Pretrial Order's due date. For the convenience of all parties, a copy of my rules is available on the Court's website: www.nysd.uscourts.gov.

Dated: New York, New York
February 2, 2016

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

Mr. Kim Vasquez
DIN 15-A-2737
121 Red Schoolhouse Road
P.O. Box F
Fishkill, New York 12524

Ari I. Bauer, Esq.
Catania, Mahon, Milligram & Rider, PLLC
One Corwin Court
Post Office Box 1479
Newburgh, New York 12550