UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIM VASQUEZ,

                          Plaintiff,

-against-

THE COUNTY OF ROCKLAND, SGT. KARL MUELLER, SGT. JOHN KLEBER, CORRECTION OFFICER JOHN KEZEK AND CORRECTION OFFICER PAUL OBACZ, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES AS CORRECTION OFFICERS EMPLOYED BY THE COUNTY OF ROCKLAND,

                          Defendants.

CIVIL ACTION NO.: 13 Civ. 5632 (SLC)

**ORDER DENYING MOTION FOR RECONSIDERATION**

**SARAH L. CAVE**, United States Magistrate Judge.

       The Court is in receipt of Plaintiff's letter dated October 9, 2020 (ECF No. 127), which the Court construes as a Motion for Reconsideration of the Court's February 24, 2020 Opinion and Order granting Defendants' motion for Summary Judgment. (ECF No. 125).

       Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration. Local Civ. R. 6.3. Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61, (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). It is not a way to "advance new facts, issues or arguments not previously presented to the Court." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted). The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

Apart from them motion being well past-due, Plaintiff has not pointed to any "controlling decisions or data that the court overlooked," Shrader, 70 F.3d at 257, and has not shown any "exceptional circumstances" that warrant this extraordinary relief. Kubieck, 2014 WL 4898479, at *1. Accordingly, Plaintiff's motion for reconsideration is DENIED.

The Court notes that Plaintiff's address on the docket is incorrect. While it is the Plaintiff's responsibility to maintain accurate contact information on the docket, the Court notes the return address on Plaintiff's motion and will send a copy of this order to Plaintiff at that address.

The Clerk of Court is thus respectfully directed to mail a copy of this order, and a copy of the Judgment and Notice of Right o Appeal at ECF No. 126, to Plaintiff at the below address.

Dated:     New York, New York                                    SO ORDERED
           October 15, 2020

_____
SARAH L. CAVE
United States Magistrate Judge

MAIL TO:   Kim Vasquez
           51 New Hempstead Road
           New City, NY 10956

3